**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Eduardo Martinez,

               Petitioner,

v.

Charles L. Ryan, *et al.*,

               Respondents.

No. CV-15-0521-TUC-BGM

**ORDER**

Currently pending before the Court is Petitioner Eduardo Martinez's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) ("Petition") (Doc. 1). Respondents have filed a Limited Answer to Petition for Writ of Habeas Corpus ("Answer") (Doc. 16). No reply was filed. The Petition is ripe for adjudication.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

### A.  *Initial Charge and Sentencing*

The Arizona Court of Appeals stated the facts[1] as follows:

> On the night of January 7, 2012, Martinez drove a friend's car to a

---

[1] As these state court findings are entitled to a presumption of correctness and Petitioner has failed to show by clear and convincing evidence that the findings are erroneous, the Court hereby adopts these factual findings. 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007); *Wainwright v. Witt*, 469 U.S. 412, 426, 105 S.Ct. 844, 853, 83 L.Ed.2d 841 (1985); *Cf. Rose v. Lundy*, 455 U.S. 509, 519, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982).

drug store, where he picked up two cases of beer and presented them to the cashier at the front of the store, as if for payment. As the cashier began to ring up the purchase, however, Martinez pulled the beer off the counter and ran out the front door into the parking lot. As he neared the driver's side of a parked vehicle, the store manager, who had been outside, ran towards the car and Martinez threw one of the cases of beer at her, hitting her in the stomach. He then picked up the other case of beer, which he had set down on the pavement, and put it in the car. Upon hurriedly backing out of the parking space, Martinez nearly struck the manager and a bystander. He was apprehended several months later, and in a police interview admitted taking the cases of beer without paying for them.

Answer (Doc. 16), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2013-0043, Memorandum Decision 10/29/2013 (Exh. "A") (Doc. 17) at 4.[2]  Following a jury trial, Petitioner was found guilty of one count of robbery and two counts of endangerment. Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612-001, Minute Entry 12/6/2012 (Exh. "B") (Doc. 17) at 14.  On January 22, 2013, Petitioner was sentenced to a presumptive ten (10) year term of imprisonment for the robbery charge, as well as two presumptive two and one half (2.5) year sentences for the endangerment counts. Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612-001, Minute Entry 1/22/2013 (Exh. "C") (Doc. 17) at 18–19.  Petitioner's terms of imprisonment were ordered to run concurrently. *Id.*, Exh. "C" at 18–19.

### B. Direct Appeal

On January 29, 2013, counsel for the Petitioner filed a Notice of Appeal from the judgment and sentence. *See* Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612-001, Def.'s Not. of Appeal 1/29/2013 (Exh. "D") (Doc. 17).  On May 13, 2013, counsel for Petitioner filed an Opening Brief asserting a single issue for review. Answer (Doc. 16), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2013-0043, Appellant's Opening Br. 5/13/2013 (Exh. "E") (Doc. 17).  Petitioner argued that the trial court's alleged failure to instruct the jury on the lesser included offenses of Theft and Attempted Robbery denied him due process and his constitutional right to a fair trial. *Id.*, Exh. "E"

---

[2] Page citations refer to the CM/ECF page number for ease of reference.

at 29–32.

On October 29, 2013, the Arizona Court of Appeals issued its decision affirming Petitioner's conviction and sentences but vacating the criminal restitution order ("CRO") entered by the trial court against Petitioner. *See* Answer (Doc. 16) Ariz. Ct. of Appeals, Case No. 2 CA-CR 2013-0043, Mem. Decision 10/29/2013 (Exh. "A") (Doc. 17). Reviewing for fundamental error, the appellate court stated that "[a] court must instruct the jury on a lesser-included offense of the crime charged if the evidence supports the requested instruction[;] . . . [h]owever, a lesser-included instruction is not required merely because a jury could disbelieve all the evidence of the greater charge except the elements of the lesser." *Id.*, Exh. "A" at 5 (citing *State v. Vickers*, 159 Ariz. 532, 542, 768 P.2d 1177, 1187 (1989); then citing Ariz. R. Crim. P. 23.3; then citing *State v. Bolton*, 182 Ariz. 290, 309, 896 P.2d 830, 849 (1995)). The appellate court further stated that "[s]uch an instruction is necessary only where a jury could 'rationally fail to find the distinguishing element of the greater offense.'" Answer (Doc. 16), Exh. "A" at 5–6 (citing *State v. Krone*, 182 Ariz. 319, 323, 897 P.2d 621, 625 (1995)). Based on Arizona law, the appellate court posited that Petitioner "was entitled to an instruction on theft if a jury could reasonably find from the evidence in the record that his conceded use of force[] was not an attempt to retain control of the beer he had in his arms when he exited the store." Answer (Doc. 16), Exh. "A" at 6–7 (footnote omitted). The appellate court considered the record and concluded that "because Martinez's conduct was inconsistent with a reasonable finding that he lacked any motive 'to coerce surrender of property or to prevent resistance to [his] taking or retaining property by his use of force, § 13-1902(A), a theft instruction was not required." *Id.*, Exh. "A" at 10 (citing *State v. Routhier*, 137 Ariz. 90, 99, 669 P.2d 68, 77 (1983)) (alterations in original). As such, the appellate court upheld the trial court's denial of Petitioner's request for a theft instruction. Answer (Doc. 16), Exh. "A" at 11. The appellate court further held that the trial court did not err by refusing to give an attempted robbery instruction. *Id.*, Exh. "A" at 11–12. The appellate court did find fundamental error in the trial court's CRO, because it was

imposed prior to the expiration of Petitioner's sentence.  *Id.*, Exh. "A" at 12 (citing *State v. Lopez*, 231 Ariz. 561 ¶ 2, 298 P.3d 909, 910 (Ct. App. 2013)).  As such, the court of appeals vacated the CRO, but "affirm[ed] Martinez's convictions and sentences in all other respects."  Answer (Doc. 16), Exh. "A" at 12.  On January 9, 2014, the court of appeals issued its mandate indicating that Petitioner had not filed a motion for reconsideration or sought review with the Arizona Supreme Court.  Answer (Doc. 16), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2013-0043, Mandate 1/9/2014 (Exh. "G") (Doc. 17).

### C. Post-Conviction Relief Proceeding

On November 18, 2013, Petitioner filed his Notice of Post-Conviction Relief ("PCR").  Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612-001, Def.'s Notice of PCR 11/18/2013 (Exh. "H") (Doc. 17).  On December 16, 2013, the trial court appointed counsel to Petitioner for the Rule 32 proceeding.  *See* Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612-001, Notice 12/16/2013 (Exh. "I") (Doc. 17).  On August 7, 2014, Petitioner timely filed his Petition for Post-Conviction Relief.  Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612-001, Pet.'s Pet. for PCR (Exh. "K") (Doc. 17); *see also* Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612-001, Order 2/18/2014 & 3/21/2014 & 6/2/2014 & 7/10/2014 (Exh. "J") (Doc. 17).

Petitioner asserted two (2) claims of ineffective assistance of trial counsel 1) for failing to have a court interpreter assist Petitioner during trial and "other critical junctures of the case"; and 2) for failing to request a jury instruction for the lesser included offense as to the endangerment counts.  *See* Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612-001, Pet.'s Pet. for PCR (Exh. "K") (Doc. 17).  Petitioner also asserted a single claim of ineffective assistance of appellate counsel for an alleged failure to raise the lesser included jury instruction as to endangerment on appeal.  *See id.*, Exh. "K."

On October 28, 2014, the Rule 32 court denied relief and dismissed Petitioner's

petition. *See* Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR20121612, Ruling, In Chambers Re: Petition for Post Conviction Relief 10/28/2014 (Exh. "N") (Doc. 18). The Rule 32 court delineated the test for ineffective assistance of counsel, stating "[t]o state a colorable claim of ineffective assistance of counsel, Petitioner must show 1) that counsel's performance fell below objectively reasonable standards, and 2) that this performance prejudiced the defendant." *Id.*, Exh. "N" at 18 (citing *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); then citing *State v. Jackson*, 209 Ariz. 13, 14, 97 P.3d 113, 114 (Ct. App. 2004)).

Regarding Petitioner's claimed need for an interpreter, the Rule 32 court noted that "[t]he trial court is in the best position to determine whether a defendant 'possesses the requisite degree of fluency in the English language so that his right to confront witnesses, right to cross-examine those witnesses and right to competent counsel will not be abridged.'" Answer (Doc. 16), Exh. "N" at 19 (quoting *State v. Natividad*, 111 Ariz. 191, 194, 526 P.2d 730, 733 (1974); then citing *Pointer v. Texas*, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965)). The Rule 32 court highlighted that "Petitioner interacted with pre-trial services, two English speaking attorneys, two different Divisions in this court[], and the probation department in the creation of the pre-sentence report[,] . . . [and] wrote an articulate, largely grammatically correct Change Plan while awaiting sentencing and a letter of similar skill and proficiency in this Rule 32 process." Answer (Doc. 16), Exh. "N" at 20. The Rule 32 court further noted no one that Petitioner came in contact with indicated the need for an interpreter, nor did Petitioner request "an interpreter of the Court, even though he was directly addressed during hearings, and although he requested (and received) a new attorney[,] . . . rejected two pleas and made two *Donald* records[,] . . . and fully participated in his pre-sentence report." *Id.*, Exh. "N" at 20. The Rule 32 court "[c]onsider[ed] Petitioner's experience with the justice system and the procedural history of this case, . . . [and] d[id] not question Petitioner's ability to understand the proceedings; [and found that] he was present and a full participation." *Id.*, Exh. "N" at 21. As such, the Rule 32 court held that counsel did not

fall below "objectively reasonable standards" regarding Petitioner's alleged need for an interpreter. *Id.*, Exh. "N" at 21.

Next, the Rule 32 court considered the jury instructions provided at trial regarding endangerment. Answer (Doc. 16), Exh. "N" at 21–22. The Rule 32 court noted "that the Jury was given the option of imminent death *or* physical injury as the two ways that endangerment could have been committed[,] [and] [b]ecause there was an issue of whether there was a risk of imminent death, the court used a special verdict pursuant to *State v. Carpenter*, 141 Ariz. 29, 684 P.2d 910 (App. 1984)." Answer (Doc. 16), Exh. "N" at 21 (emphasis in original). The Rule 32 court further noted that "[h]ad the jury not *unanimously* found the Petitioner endangered each victim with a substantial risk of imminent death, they would have convicted him of only the lower class of endangerment[.]" *Id.*, Exh. "N" at 22 (emphasis in original). In light of the jury instructions and special interrogatory, the Rule 32 court held that neither trial nor appellate counsel were ineffective regarding the endangerment instruction. *Id.*, Exh. "N" at 22–23.

On December 22, 2014, Petitioner sought review by the Arizona Court of Appeals of the denial of his PCR petition. *See* Answer (Doc. 16), Ariz. Ct. of Appeals, Case No. 2 CA-Cr 2014-0429-PR, Pet.'s Pet. for Review (Exh. "P") (Doc. 18). Petitioner asserted that "[t]he court's ruling [regarding Petitioner's need for an interpreter] [wa]s contrary to all evidence [sic] presented in Mr. Martinez'[s] petition for post conviction relief[.]" *Id.*, Exh. "P" at 29. Petitioner further asserted that "[t]he court's reliance on State v. Natividad [wa]s totally misplaced." *Id.*, Exh. "P" at 29. Petitioner reiterated the evidence presented to the Rule 32 court in support of his alleged need for an interpreter and argued that the *Natividad* decision required a hearing to establish whether Petitioner is entitled to the relief sought. *Id.*, Exh. "P" at 30–34. Petitioner did not raise any other issues for review. *See* Answer (Doc. 16), Exh. "P."

On March 12, 2015, the Arizona Court of Appeals granted review, but denied relief. *See* Answer (Doc. 16), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2014-0429-PR,

Mem. Decision 3/12/2015 (Exh. "Q") (Doc. 18). The appellate court reviewed Petitioner's initial PCR petition and the Rule 32 court's decision. *Id.*, Exh. "Q" at 77–79. The appellate court noted "that this case is readily distinguishable from *Natividad*, which Martinez relies on for the proposition that he is entitled to an evidentiary hearing." *Id.*, Exh. "Q" at 80. The appellate court explained that "[i]n *Natividad*, our supreme court remanded for such a hearing, in part, because the record was 'barren of a reliable indication as to the defendant's ability to comprehend' or speak English." *Id.*, Exh. "Q" at 80 (quoting *State v. Natividad*, 111 Ariz. 191, 193, 526 P.2d 730, 732 (1974)). The appellate court reviewed the record regarding the evidence supporting Petitioner's English abilities, noting:

> By way of further example of his proficiency in English, when the trial court asked Martinez at sentencing if he wanted to say anything, he responded as follows:
>
>> Yeah, Your Honor. I just want to apologize to the victim here. That night I was on drugs that did bad stuff to me. I was, I know I was acting — some parts I barely remember, but, since I've seen the video and everything, that wasn't really me. I[t] was some other person. I wouldn't act like that. I just want to apologize to the victim. That's it.

Answer (Doc. 16), Exh. "Q" at 80 n.4 (alterations in original). The appellate court also remarked that "the record before us does not suggest that at any point Martinez indicated in any way that he did not understand the proceedings" and pointed out that "Martinez was aware of [the option to have an interpreter], yet he did not ask the trial court to appoint one when, according to him, his attorney had denied his request." *Id.*, Exh. "Q" at 81. The appellate court held that "the trial court correctly concluded Martinez did not sustain a claim of ineffective assistance of counsel." *Id.*, Exh. "Q" at 81 (citing *State v. McDaniel*, 136, Ariz. 188, 198, 665 P.2d 70, 80 (1983)).

On April 9, 2015, Petitioner filed his Petition for Review to the Arizona Supreme Court. *See* Answer (Doc. 16), Arizona Supreme Court, Case No. CR-15-0123-PR, Pet.'s Pet. for Review (Exh. "R") (Doc. 18). On September 22, 2015, the Arizona Supreme

Court denied review.  *See* Answer (Doc. 16), Arizona Supreme Court, Case No. CR-15-0123-PR, Memorandum 9/22/2015 (Exh. "S") (Doc. 18).  On October 8, 2015, the Arizona Court of Appeals issued its mandate.  *See* Answer (Doc. 16), Ariz. Ct. of Appeals, Case No. 2 CA-CR 2014-0429-PR, Mandate 10/8/2015 (Exh. "T") (Doc. 18).

### D. The Instant Habeas Proceeding

On November 6, 2015, Petitioner filed his Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Doc. 1).  Petitioner claims three (3) grounds for relief.  First, Petitioner alleges a "[v]iolation of the 14th Amend[ment] of the U.S. Constitution; Defendant was denied the basic right to Due Process by his counsel's failure to make the appropriate legal motions, etc. to obtain a Court Interpeter [sic] after Defendant informed him he needed one[.]"  Petition (Doc. 1) at 6.  Petitioner asserts that this "depriv[ed] him to interact [sic] in his Court Proceedings in a knowing [and] informed manner, . . . [and did not] allow[] him to be an active participant in his pre-trial, trial, [and] sentencing proceedings."  *Id.*  Petitioner notes that "[i]n previous Court cases the Defendant had a court interpreter assigned to him but in others he did not[;]" however, "[d]ue to the lack of this interpreter the Defendant didn't understand what was going on during Court proceedings in a knowing [and] intelligent manner."  *Id.*  Second, Petitioner alleges a "[v]iolation of the 14th Amend[ment] of the U.S. Constitution[,] [because] [t]rial counsel was ineffective in failing to request lesser included offense instructions to the endangerment counts."  Petition (Doc. 1) at 7.  Third, Petitioner further asserts that appellate counsel was ineffective for the same failure to request a lesser included offense instruction.  *Id.*

On April 6, 2016, Respondents filed their Limited Answer (Doc. 16) asserting that Petitioner had only advanced unexhausted claims in his federal habeas petition.  Respondents argue that Petitioner's first claim regarding a court interpreter was only presented in the state court as an alleged Sixth Amendment violation, with only passing reference to due process.  Answer (Doc. 16) at 8–9.  Respondents further argue that Petitioner's second claim regarding the lesser-included-offense jury instruction was never

referred to as a Fourteenth Amendment violation in the state courts, nor was it ever presented to the Arizona Court of Appeals. *Id.* at 9–10. Petitioner did not file a reply.

## II.  STANDARD OF REVIEW

### A.  *In General*

The federal courts shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody *in violation of the Constitution or laws of treaties of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Moreover, a petition for habeas corpus by a person in state custody

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1398, 179 L.Ed.2d 557 (2011). Correcting errors of state law is not the province of federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S.Ct. 475, 480, 116 L.Ed.2d 385 (1991). Ultimately, "[t]he statute's design is to 'further the principles of comity, finality, and federalism.'" *Panetti v. Quarterman*, 551 U.S. 930, 945, 127 S.Ct. 2842, 2854, 168 L.Ed.2d 662 (2007) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 337, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003)). Furthermore, this standard is difficult to meet and highly deferential "for evaluating state-court rulings, [and] which demands that state-court decisions be given the benefit of the doubt." *Pinholster*, 131 S.Ct. at 1398 (citations and internal quotation marks omitted).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, mandates the standards for federal habeas review. *See* 28 U.S.C. § 2254. The "AEDPA erects a formidable barrier to federal habeas relief for prisoners whose claims

have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19, 134 S.Ct. 10, 16, 187 L.Ed.2d 348 (2013). Federal courts reviewing a petition for habeas corpus must "presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.'" *Schriro v. Landrigan*, 550 U.S. 465, 473–74, 127 S.Ct. 1933, 1940, 167 L.Ed.2d 836 (2007) (citing 28 U.S.C. § 2254(e)(1)). Moreover, on habeas review, the federal courts must consider whether the state court's determination was unreasonable, not merely incorrect. *Id.*, 550 U.S. at 473, 127 S.Ct. at 1939; *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013). Such a determination is unreasonable where a state court properly identifies the governing legal principles delineated by the Supreme Court, but when the court applies the principles to the facts before it, arrives at a different result. *See Harrington v. Richter*, 562 U.S. 86, 131 S.Ct. 770, 178 L.Ed.2d 624 (2011); *Williams v. Taylor*, 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); *see also Casey v. Moore*, 386 F.3d 896, 905 (9th Cir. 2004). "AEDPA requires 'a state prisoner [to] show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement.'" *Burt*, 571 U.S. at 19–20, 134 S.Ct. at 16 (quoting *Harrington*, 562 U.S. at 103, 131 S.Ct. at 786–87) (alterations in original).

### B. Exhaustion of State Remedies

Prior to application for a writ of habeas corpus, a person in state custody must exhaust all of the remedies available in the State courts. 28 U.S.C. § 2254(b)(1)(A). This "provides a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court." *Rose v. Lundy*, 455 U.S. 509, 520, 102 S.Ct. 1198, 1204, 71 L.Ed.2d 379 (1982). As such, the exhaustion doctrine gives the State "the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (internal quotations omitted). Moreover, "[t]he exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose*,

455 U.S. at 518, 102 S.Ct. at 1203 (internal citations omitted).  This upholds the doctrine of comity which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter." *Id.* (quoting *Darr v. Burford*, 339 U.S. 200, 204, 70 S.Ct. 587, 590, 94 L.Ed. 761 (1950)).

Section 2254(c) provides that claims "shall not be deemed . . . exhausted" so long as the applicant "has the right under the law of the State to raise, by any available procedure the question presented."  28 U.S.C. § 2254(c).  "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).  The fair presentation requirement mandates that a state prisoner must alert the state court "to the presence of a federal claim" in his petition, simply labeling a claim "federal" or expecting the state court to read beyond the four corners of the petition is insufficient. *Baldwin v. Reese*, 541 U.S. 27, 33, 124 S.Ct. 1347, 1351, 158 L.Ed.2d 64 (2004) (rejecting petitioner's assertion that his claim had been "fairly presented" because his brief in the state appeals court did not indicate that "he was complaining about a violation of federal law" and the justices having the opportunity to read a lower court decision addressing the federal claims was not fair presentation); *Hiivala v. Wood*, 195 F.3d 1098 (9th Cir. 1999) (holding that petitioner failed to exhaust federal due process issue in state court because petitioner presented claim in state court only on state grounds).  Furthermore, in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court." *Baldwin*, 541 U.S. at 29, 124 S.Ct. at 1349.  "Generally, a petitioner satisfies the exhaustion requirement if he properly pursues a claim (1) throughout the entire direct appellate process of the state, or (2) throughout one entire judicial postconviction process available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (quoting Liebman & Hertz, *Federal Habeas Corpus Practice and Procedure*, § 23.3b (9th ed. 1998)).

In Arizona, however, for non-capital cases "review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles*, 483 F.Supp.2d 925 (D. Ariz. 2007); *Moreno v. Gonzalez*, 192 Ariz. 131, 962 P.2d 205 (1998). Additionally, the Supreme Court has further interpreted § 2254(c) to recognize that once the state courts have ruled upon a claim, it is not necessary for an applicant to seek collateral relief for the same issues already decided upon direct review. *Castille v. Peoples*, 489 U.S. 346, 350, 109 S.Ct. 1056, 1060, 103 L.Ed.2d 380 (1989).

### C. *Procedural Default*

"A habeas petitioner who has defaulted his federal claims in state court meets the technical requirements for exhaustion; there are no state remedies any longer 'available' to him." *Coleman v. Thompson*, 501 U.S. 722, 732, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 650 (1991). Moreover, federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Id.*, 501 U.S. at 728, 111 S.Ct. at 2254. This is true whether the state law basis is substantive or procedural. *Id.* (citations omitted). Such claims are considered procedurally barred from review. *See Wainwright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

The Ninth Circuit Court of Appeals explained the difference between exhaustion and procedural default as follows:

> The exhaustion doctrine applies when the state court has never been presented with an opportunity to consider a petitioner's claims and that opportunity may still be available to the petitioner under state law. In contrast, the procedural default rule barring consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. *Franklin v. Johnson*, 290 F.3d 1223, 1230 (9th Cir. 2002) (internal quotation marks and citations omitted). Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may *cause* a procedural default. *See Sandgathe v. Maass*, 314 F.3d 371, 376 (9th Cir. 2002); *Beaty v. Stewart*, 303 F.3d 975, 987 (9th Cir. 2002) ("A claim is procedurally defaulted 'if

- 12 -

the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'") (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)).

*Cassett v. Stewart*, 406 F.3d 614, 621 n.5 (9th Cir. 2005). Thus, a prisoner's habeas petition may be precluded from federal review due to procedural default in two ways. First, where the petitioner presented his claims to the state court, which denied relief based on independent and adequate state grounds. *Coleman*, 501 U.S. at 728, 111 S.Ct. at 2254. Federal courts are prohibited from review in such cases because they have "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and would therefore be advisory." *Id.* Second, where a "petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Id.* at 735 n.1, 111 S.Ct. at 2557 n.1 (citations omitted). Thus, the federal court "must consider whether the claim could be pursued by any *presently available* state remedy." *Cassett*, 406 F.3d at 621 n.6 (quoting *Ortiz v. Stewart*, 149 F.3d 923, 931 (9th Cir. 1998)) (emphasis in original).

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068, 103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice); *see also Smith v. Murray*, 477 U.S. 527, 534, 106 S.Ct. 2661, 2666, 91 L.Ed.2d 434 (1986) (recognizing "that a federal habeas court must evaluate appellate defaults under the same standards that apply when a defendant fails to preserve a claim at trial."). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to

comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims of ineffective assistance of counsel, [as such] there is no basis on which to address the merits of his claims."). In addition to cause, a habeas petitioner must show actual prejudice, meaning that he "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494, 106 S.Ct. at 2648 (emphasis in original) (internal quotations omitted). Without a showing of both cause and prejudice, a habeas petitioner cannot overcome the procedural default and gain review by the federal courts. *Id.*, 106 S.Ct. at 2649.

The Supreme Court has recognized, however, that "the cause and prejudice standard will be met in those cases where review of a state prisoner's claim is necessary to correct 'a fundamental miscarriage of justice.'" *Coleman v. Thompson*, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991) (quoting *Engle v. Isaac*, 456 U.S. 107, 135, 102 S.Ct. 1558, 1572–73, 71 L.Ed.2d 783 (1982)). "The fundamental miscarriage of justice exception is available 'only where the prisoner *supplements* his constitutional claim with a colorable showing of factual innocence.'" *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993) (emphasis in original) (quoting *Kuhlmann v. Wilson*, 477 U.S. 436, 454, 106 S.Ct. 2616, 2627, 91 L.Ed.2d 364 (1986)). Thus, "'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Herrera*, 506 U.S. at 404, 113 S.Ct. at 862. Further, in order to demonstrate a fundamental miscarriage of justice, a habeas petitioner must "establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." 28 U.S.C. § 2254(e)(2)(B).

In Arizona, a petitioner's claim may be procedurally defaulted where he has waived his right to present his claim to the state court "at trial, on appeal or in any previous collateral proceeding." Ariz. R. Crim. P. 32.2(a)(3). "If an asserted claim is of sufficient constitutional magnitude, the state must show that the defendant 'knowingly, voluntarily and intelligently' waived the claim." *Id.*, 2002 cmt. Neither Rule 32.2 nor the Arizona Supreme Court has defined claims of "sufficient constitutional magnitude" requiring personal knowledge before waiver. *See id.*; *see also Stewart v. Smith*, 202 Ariz. 446, 46 P.3d 1067 (2002). The Ninth Circuit Court of Appeals recognized that this assessment "often involves a fact-intensive inquiry" and the "Arizona state courts are better suited to make these determinations." *Cassett*, 406 F.3d at 622.

## III. STATUTE OF LIMITATIONS

As a threshold matter, the Court must consider whether Petitioner's petition is barred by the statute of limitation. *See White v. Klizkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). The AEDPA mandates that a one-year statute of limitations applies to applications for a writ of habeas corpus by a person in state custody. 28 U.S.C. § 2244(d)(1). Section 2244(d)(1) provides that the limitations period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by the State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Shannon v. Newland*, 410 F.3d 1083 (9th Cir. 2005). "The time during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Respondents do not dispute the timeliness of Martinez's petition. The Court has independently reviewed the record and finds that the Petition (Doc. 1) is timely pursuant to 28 U.S.C. § 2244(d)(1)(A).

## IV. ANALYSIS

### A. *Ground One: Court Interpreter*

Petitioner asserts that his due process rights, guaranteed under the Fourteenth Amendment to the United States Constitution, were violated because trial counsel allegedly failed to obtain a court interpreter for court proceedings. Petition (Doc. 1) at 6. Respondents assert that "[i]n his PCR petition, Martinez asserted that he was denied his right to the effective assistance of counsel because his counsel failed to obtain an interpreter for him during the trial court proceedings[;] [however,] [t]he petition contains a single . . . passing reference to due process . . . [and] does not refer to the federal constitution or law[.]" Answer (Doc. 16) at 8. Respondents further argue that this was "insufficient to constitute fair presentation of a Fourteenth Amendment due process violation claim to the state court." *Id.* (citations omitted). The Court agrees with Respondents.

#### 1. **Failure to Exhaust**

In Petitioner's PCR petition, he framed the issue as "trial counsel was ineffective in failing to ensure that defendant was assisted by a court interpreter during trial and other critical junctures of the case." Answer (Doc. 16), Ariz. Superior Ct., Pima County, Case No. CR-20121612-001, Pet.' Pet. for PCR (Exh. "K") at 69. Petitioner asserted that "[t]here is long standing authority in Arizona courts that a defendant's inability to spontaneously understand testimony being given would undoubtedly limit his attorney's effectiveness, especially on cross examination." *Id.*, Exh. "K" at 71 (citing *State v. Natividad*, 111 Ariz. 191, 526 P.2d 730 (1974)). Petitioner further noted that "[t]hese

cases make it clear that in such a case the lack of interpretation possibly infringes on the right to be present in the courtroom at every state of the trial." Answer (Doc. 16), Exh. "K" at 71. As such, Petitioner argued that an evidentiary hearing was required and "[t]his issue[] go[es] to the heart of defendant's ability to understand the courtroom proceedings, goes to the heart of a due process and a fair hearing." *Id.*, Exh. "K" at 71. Although Petitioner cited a Pennsylvania district court case, as well as a New Mexico state court case, his petition is devoid of reference to the United States Constitution or Supreme Court of the United States' precedent. In light of this deficiency, Respondents argue that Petitioner did not "fair[ly] present[] . . . a Fourteenth Amendment due process violation claim to the state court." Answer (Doc. 16) at 9. Furthermore, on appeal, Petitioner raised this claim solely as a Sixth Amendment right to the effective assistance of counsel violation. Answer (Doc. 16), Arizona Court of Appeals, Case No. 2 CA-CR 2014-0429-PR, Pet.'s Pet. for Review (Exh. "P") (Doc. 18) at 31–32.

The Court agrees with Respondents' characterization. As such, Petitioner cannot be said to have exhausted this claim. *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (citations omitted) (exhaustion requires pursuing a claim throughout an entire direct appellate or post-conviction process in the state). Moreover, Petitioner's claim would now be precluded by the Arizona courts. Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court"). Therefore, Petitioner's claim is procedurally defaulted. *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result. *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068,

103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Accordingly, Petitioner's claim that counsel's alleged failure to obtain a court interpreter violated his Fourteenth Amendment due process rights cannot stand.

### 2. Ineffective Assistance of Counsel

Even if the Court construes Petitioner's habeas claim as one for ineffective assistance of counsel in violation of the Sixth Amendment, as well as accepts that he "fairly presented" it to the state courts, the claim is without merit. *See* 28 U.S.C. §2254(b)(2); *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005) (a federal court may deny an unexhausted petition on the merits when the petition does not raise a colorable federal claim).

### a. Legal Standards

For cases which have been fairly presented to the State court, the Supreme Court elucidated a two-part test for determining whether a defendant could prevail on a claim of ineffective assistance of counsel sufficient to overturn his conviction. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). First, Petitioner must show that counsel's performance was deficient. *Id.* at 687, 104 S.Ct. at 2064. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* Second, Petitioner must show that this performance prejudiced his defense. *Id.* Prejudice "requires showing

that counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable." *Id.* Ultimately, whether or not counsel's performance was effective hinges on its reasonableness under prevailing professional norms. *Strickland*, 466 U.S. at 688, 104 S.Ct. at 2065; *see also State v. Carver*, 160 Ariz. 167, 771 P.2d 1382 (1989) (adopting *Strickland* two-part test for ineffective assistance of counsel claims). The Sixth Amendment's guarantee of effective assistance is not meant to "improve the quality of legal representation," rather it is to ensure the fairness of trial. *Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. "Thus, '[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct *so undermined* the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.'" *Cullen v. Pinholster*, 563 U.S. 170, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011) (quoting *Strickland*, 466 at 686) (emphasis and alteration in original).

"The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' . . . and when the two apply in tandem, review is 'doubly' so[.]" *Harrington v. Richter*, 562 U.S. 86, 105, 131 S.Ct. 770, 788, 178 L.Ed.2d 624 (2011) (citations omitted). Judging counsel's performance must be made without the influence of hindsight. *See Strickland*, 466 U.S. at 689, 104 S.Ct. at 2065. As such, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83 (1955)). Without the requisite showing of either "deficient performance" or "sufficient prejudice," Petitioner cannot prevail on his ineffectiveness claim. *Strickland*, 466 U.S. at 700, 104 S.Ct. at 2071. "[T]he question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Gentry v. Sinclair*, 705 F.3d 884, 899 (9th Cir. 2013) (quoting *Harrington*, 562 U.S. at 105, 131 S.Ct. at 788) (alterations in original). "The challenger's burden is to show 'that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment.'" *Harrington*, 562 U.S. at 104, 131 S.Ct. at 787 (quoting *Strickland*,

466 U.S. at 689, 104 S.Ct. 2052). Accordingly, "[w]e apply the doubly deferential standard to review the state court's 'last reasoned decision.'" *Vega v. Ryan*, 757 F.3d 960, 966 (9th Cir. 2014) (citations omitted). "By its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in 2254(d)(1) and (d)(2)." *Harrington*, 131 U.S. at 98, 131 S.Ct. at 784. As such, Petitioner also bears the burden of showing that the state court applied *Strickland* to the facts of his case in an objectively unreasonable manner. *See Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002); *see also* 28 U.S.C. § 2254(d).

Additionally, "[a]s a general matter, each 'unrelated alleged instance [ ] of counsel's ineffectiveness' is a separate claim for purposes of exhaustion." *Gulbrandson v. Ryan*, 738 F.3d 976, 992 (9th Cir. 2013) (quoting *Moormann v. Schriro*, 426 F.3d 1044, 1056 (9th Cir. 2005)) (alterations in original). This means "all operative facts to an ineffective assistance claim must be presented to the state courts in order for a petitioner to exhaust his remedies." *Hemmerle v. Schriro*, 495 F.3d 1069, 1075 (9th Cir. 2007). This is "[b]ecause ineffective assistance claims are not fungible, but are instead highly fact-dependent, [requiring] some baseline explication of the facts relating to it[.]" *Id.* As such, "a petitioner who presented any ineffective assistance of counsel claim below can[not] later add unrelated instances of counsel's ineffectiveness to that claim." *Id.* (citations and internal quotations omitted); *see also Date v. Schriro*, 619 F.Supp.2d 736, 788 (D. Ariz. 2008) ("Petitioner's assertion of a claim of ineffective assistance of counsel based on one set of facts, does not exhaust other claims of ineffective assistance based on different facts").

### b. Prejudice

Petitioner cannot demonstrate prejudice. The Arizona Court of Appeals described Petitioner's participation in the court proceedings as follows:

> [A]s the trial court noted, Martinez meaningfully participated in two *Donald* hearings.[4] *State v. Donald*, 198 Ariz. 406, 526 P.3d 1193 (App. 2000). Importantly, the minute entry from the second of those hearings provides that not only did Martinez respond to questions about the plea, but he satisfied the court that he had "knowingly, intelligently and voluntarily

reject[ed]" it. *See State v. Gourdin*, 156 Ariz. 337, 338-39, 751 P.2d 997, 998-99 (App. 1988) (appellant's contention he could not understand proceeding without interpreter undercut by participation in court and answering questions including whether he read, signed, and understood plea agreement).

Moreover, the record before us does not suggest that at any point Martinez indicated in any way that he did not understand the proceedings. Additionally, having been provided or offered an interpreter in many of his prior cases, Martinez was aware of that option, yet he did not ask the trial court to appoint one when, according to him, his attorney had denied his request.

_____

[4] By way of further example of his proficiency in English, when the trial court asked Martinez at sentencing if he wanted to say anything, he responded as follows:

Yeah, Your Honor. I just want to apologize to the victim here. That night I was on drugs that did bad stuff to me. I was, I know I was acting – some parts I barely remember, but, since I've seen the video and everything, that wasn't really me. I[t] was some other person. I wouldn't act like that. I just want to apologize to the victim. That's it.

Answer (Doc. 16), Ariz. Court of Appeals, Case No. 2 CA-CR 2014-0429-PR, Mem. Decision 3/12/2015 (Exh. "Q") at 80–81. The record reflects that Petitioner participated in his court proceedings, and he does not present any evidence to suggest that he was actually prejudiced by the lack of an interpreter. Petitioner has also failed to present any evidence to show that the Arizona courts' decisions regarding his ineffective assistance claim are contrary to or an unreasonable application of clearly established Supreme Court law or based on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d); *see also Bell v. Cone*, 535 U.S. 685, 698–99, 122 S.Ct. 1843, 1852, 152 L.Ed.2d 914 (2002). Accordingly, this Court finds that the Arizona courts did not unreasonably apply clearly established Federal law or unreasonably determine the facts in light of the evidence presented, and Petitioner cannot meet his burden to show prejudice. *See Gulbrandson*, 738 F.3d at 991. Petitioner's ineffective assistance of counsel claim regarding the alleged failure to procure a court interpreter is without merit.

### B.     Grounds Two and Three:  Lesser Included Instruction Regarding Endangerment

Petitioner asserts that his due process rights, guaranteed under the Fourteenth Amendment of the United States Constitution were violated because trial counsel was ineffective for failing to request a lesser included offense jury instruction to the endangerment counts.  Petition (Doc. 1) at 7.  Similarly, Petitioner alleges that appellate counsel was ineffective for failing to raise this issue on direct appeal.  *Id.*  Respondents assert that these claims were not presented as due process or Fourteenth Amendment violations in his PCR petition, nor were they presented to the court of appeals.  Answer (Doc. 16) at 9–10.

Whether the Court considers Petitioner's claims before the state court as alleging a Fourteenth Amendment violation or a Sixth Amendment violation does not matter.  The record is clear that neither claim, as to trial counsel or appellate counsel, was presented to the Arizona Court of Appeals.  *See* Answer (Doc. 16), Ariz. Court of Appeals, Case No. 2 CA-CR 2014-0429-PR, Pet.'s Pet. for Review (Exh. "R").  As such, Petitioner cannot be said to have exhausted this claim.  *See Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004) (citations omitted) (exhaustion requires pursuing a claim throughout an entire direct appellate or post-conviction process in the state).  Moreover, Petitioner's claim would now be precluded by the Arizona courts.  Ariz. R. Crim. P. 32.1(d)–(h), 32.2(a)(3), 32.4; *see also Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (in order to "fairly present" one's claims, the prisoner must do so "in each appropriate state court").  Therefore, Petitioner's claim is procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 735 n.1, 111 S.Ct. 2546, 2557 n.1, 115 L.Ed.2d 640 (1991) ("petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred").

Where a habeas petitioner's claims have been procedurally defaulted, the federal courts are prohibited from subsequent review unless the petitioner can show cause and actual prejudice as a result.  *Teague v. Lane*, 489 U.S. 288, 298, 109 S.Ct. 1060, 1068,

103 L.Ed.2d 334 (1989) (holding that failure to raise claims in state appellate proceeding barred federal habeas review unless petitioner demonstrated cause and prejudice). Petitioner has not met his burden to show either cause or actual prejudice. *Murray v. Carrier*, 477 U.S. 478, 494, 106 S.Ct. 2639, 2648, 91 L.Ed.2d 397 (1986) (Petitioner "must show not merely that the errors . . . created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions") (emphasis in original) (internal quotations omitted); *see also Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1305 (9th Cir. 1996) (petitioner failed to offer any cause "for procedurally defaulting his claims[,] . . . [and as such,] there is no basis on which to address the merits of his claims."). Accordingly, Petitioner's claims that either trial counsel or appellate counsel were ineffective regarding the lesser included offense jury instruction as to endangerment are without merit.

## V.  CONCLUSION

Based on the foregoing, the Court finds that Petitioner's habeas claims are without merit, and IT IS HEREBY ORDERED that:

1)    Petitioner Eduardo Martinez's *pro se* Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody (Non-Death Penalty) (Doc. 1) is DENIED.

2)    A certificate of appealability is DENIED, because reasonable jurists would not find the Court's ruling debatable. See 28 U.S.C. § 2253;

3)    The Clerk of the Court shall send a copy of the docket sheet in this case to Petitioner;

4)    This matter is DISMISSED with prejudice; and

5)    The Clerk of the Court shall enter judgment and close its file in this matter.

Dated this 25th day of February, 2019.

_____
Honorable Bruce G. Macdonald
United States Magistrate Judge